IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                            CRIMINAL ACTION NO. 2:10-cr-00115-02

COREE LEE TAYLOR,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Coree Lee Taylor's Motion to Supplement the Record. [Docket 165.] For the following reasons, the Court **DENIES** Defendant's motion.

*I. BACKGROUND*

Defendant Coree Lee Taylor pleaded guilty to aiding and abetting the distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. His written plea agreement contained an appeal waiver that sharply curtailed Defendant's appellate rights. (Docket 100 at 4.) The appeal waiver states in pertinent part that the

> [D]efendant will retain his appellate rights and rights to collaterally attack his sentence only with respect to any sentence imposed using a base offense level 27 or higher. This reservation of rights is designed to ensure that the United States and the defendant retain the benefits of the plea agreement . . . [T]he waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(*Id.*)

Prior to sentencing, Defendant made plain to the Court and the probation officer that he believed he earned a substantial assistance motion. (*See e.g.* Docket 110, 126-1, 132, 151.) At

sentencing, Defendant again stressed his assistance to the United States. He argued that, in the event the United States did not move for a reduction in his sentence based on his assistance, the Court should vary downward based on his cooperation. (Document 161 at 12-13.) The Assistant United States Attorney stated that, while Defendant had cooperated with law enforcement, "he has not substantially assisted the government and that's the only reason such a motion had not been forthcoming." (*Id*. at 14.) The Assistant United States Attorney indicated that it was possible that a substantial assistance motion might be filed in the future in the event that law enforcement arrested the individual who was the subject of the investigation that Defendant assisted in. (*Id.*) The Court calculated Defendant's sentence using the United States Sentencing Guidelines. Applying a base level offense of 26, and other guideline considerations, the Court imposed a sentence of 151-months' imprisonment. (Docket 149.)

Following imposition of sentence, Defendant filed his notice of appeal. In preparation for his appeal, Defendant, among other things, ordered transcripts of the pre-trial, plea and sentencing hearings. On September 30, 2011, Defendant filed with the District Court his Motion to Supplement the Record. [Docket 165.] Defendant's two-page motion seeks to make part of the District Court record seven police reports that were made available to Defendant by the United States in the course of discovery. [*Id.* at 1.] Four of the reports were referenced in Defendant's suppression motion, but none of the seven were ever made part of the record. Furthermore, Defendant did not attach these reports to his motion to supplement the record for the Court's inspection .

## II. DISCUSSION

Fed. R. App. P. 10(e)(2) governs the procedure for correcting omissions or misstatements in the record on appeal. The Rule provides: "If anything material to either party is omitted from or

misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded" to the court of appeals by stipulation of the parties, by order of the district court, or by order of the court of appeals. *Id.* All other questions concerning the form and content of the record must be presented to the court of appeals. (*Id.*)

Fed. R. App. P. 10(a) defines what constitutes the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk.

Courts have interpreted Rule 10(e) as a means to supplement a record, not as a vehicle to introduce for an appellate court's consideration matters that a district court never reviewed and never considered. *United States v. Kennedy*, 225 F. 3d 1187, 1191 (10th Cir. 2000)(refusing to supplement the record in 28 U.S.C. § 2255 appeal with an affidavit offered in support of defendant's claim of prosecutorial misconduct); *United States v. Walker*, 601 F.2d 1051, 54-55 (9th Cir. 1979)(refusing to supplement the record with evidence proffered by the government that a witness was available to the defendant); *Borden, Inc. v. F.T.C.*, 495 F.2d 785, 787-88 (7th Cir. 1974)(refusing to supplement the record with materials that post-dated the district court's judgment); *United States ex rel. Mulvaney v. Rush*, 913 F.2d 89, 96 (3d Cir. 1973)(noting that the court of appeals has stated on numerous occasions that it cannot consider material on appeal that is outside of the district court record).

Defendant's motion is unpersuasive for several reasons. First, Defendant fails to satisfy the rudimentary requirements of Fed. R. App. P. 10(e)(2). This Rule permits the Court to certify a supplemental record: 1) where omitted materials are material; and 2) where the cause of the omission was mistake or error. In his motion, Defendant offers no explanation why the police reports were

omitted from record. There is no assertion that their omission was the result of any mistake or error. Likewise, he offers no showing of materiality. This is wholly deficient.

Second, it is well-settled that, absent a promise for a departure motion in a plea agreement, the decision to make such a motion is within the sole discretion of the government and is not reviewable unless the government based its decision upon an unconstitutional factor, such as race. *See Wade v. United States*, 504 U.S. 181, 185-87 (1992). Moreover, the government may properly refuse to file a substantial assistance motion under U.S.S.G. § 5K1.1 "so long as it provides *any* legitimate reason, even one unrelated to the defendant's 'substantial assistance.'" *United States v. Divens*, 650 F.3d 343, 345 (4th Cir. 2011).

In support of his motion to supplement the record, the only basis Defendant proffers is that the police reports "are relevant to his argument of a pattern of prosecutorial misconduct. . . ." (Docket 165 at 2.) Defendant offers no specific facts. He does not even *allege* that the government's failure to move for a downward departure was based on an unconstitutional factor. He offers nothing to refute the government's assertion at the sentencing hearing that its decision was based on the fact that Defendant's cooperation did not result in the arrest and prosecution of an individual of interest to the prosecution. (Docket 161 at 13-14.) Defendant does not proffer to the Court any good faith reason why the court of appeals would review a contention which is generally not subject to review. In the absence of such an effort it is, at best, premature for the Court to supplement the record with documents that have never been supplied to the Court (either in the District Court proceedings or in connection with the motion to supplement) to support a contention that may very well be unreviewable by the court of appeals. In the event, the Fourth Circuit

4

determines that the documents that Defendant seeks are material to the determination of the issues, the Fourth Circuit may under Fed. R. App. P. 10(e) order that the record be supplemented.

Third, this is not a situation where the Defendant was unaware of the existence of the records at the time he grumbled to the Court about the government's refusal to move for a downward departure based on substantial assistance. In that regard, this case is akin to *Anthony v. United States*, 667 F.2d 870, 875 (10th Cir. 1982). There, the defendant was convicted by jury of an illegal wiretap offense. Following the jury's guilty verdict, Anthony filed a motion for a new trial based on allegations of governmental misconduct. *Id.* at 875. The district court denied the defendant's motion. On appeal, Anthony moved the court of appeals to supplement the record with the materials to support his governmental misconduct claims. *Id.* Although the court of appeals initially granted the motion, it later reversed that decision. In so doing, the court stated that, although Federal Rule of Appellate Procedure 10(e) allows a party to supplement the record on appeal, it does not grant a movant "a license to build a new record." *Id.* at 875. The fact that Anthony, at the time of his trial, knew of the existence of the materials but chose not to make them a part of the record at that time was the basis of the court's decision to deny his motion to supplement the record. Here, the materials Defendant seeks to add to the record were materials provided in the course of discovery, and, thus, were known to him, or should have been known to him, at the time he complained about the government's refusal to file a substantial assistance motion on his behalf. Defendant has not explained why these materials, if they are truly probative of demonstrating an unconstitutional motive on the part of the government, were not brought to the Court's attention prior to final disposition. Grumbling about the government's inaction on a substantial assistance motion is a far cry from actually doing something about it. Defendant never contended, much less filed a motion,

that the government had an unconstitutional motive in refusing to move for a downward departure based on Defendant's assistance.

Next, as the government notes, Defendant pled guilty pursuant to a written plea agreement that severely limits his appellate rights. Defendant offers the Court no discussion of any kind as to why this waiver would not be enforced by the court of appeals. And based on the government's response, it is apparent the government seeks the benefit of its bargain. (Docket 166.) The appeal waiver restricted an appeal of Defendant's sentence where the Court determined that his base offense level was below a level 27. The record shows that Defendant's base offense level was a level 26. (Docket 151 at 12.) In the absence of any argument from Defendant as to why the Court should believe that the appeal waiver will not preclude this appeal, and where Defendant has not demonstrated why these omitted police reports are important, it is impossible for the Court at this juncture to find that the omitted records are material.

Finally, pursuant to Fed. R. App. P. 10(e)(2), the Court must certify a supplemented record. In his motion, Defendant provides Bates numbers for the records he seeks to add to the record, but has not furnished the records themselves for the Court's review. This fact makes it difficult for the Court to independently ascertain the relevance of the requested materials.[1]

### III. CONCLUSION

Where Defendant fails to proffer any reason for the omission from the record of the materials he now wants added to the Court record, where he fails to show how the requested materials would support an argument that the government had an unconstitutional motive in refusing to make a

---

[1] In its response to Defendant's motion to supplement, the United States did not challenge the authenticity of the omitted records; thus, the Court presumes the integrity of the records is not an issue.

substantial assistance motion on his behalf, where Defendant had the materials at the time of sentencing but at that time did not make them part of the record, where the appellate waiver provision contained in his plea agreement may bar review of this issue, where Defendant failed to provide the Court with the requested materials for its inspection for possible certification of a supplemented record, and where the Fourth Circuit, in the event it were to review this issue, has the authority under Rule 10(e) to supplement the record, the Court finds that Defendant's motion is premature and **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: October 19, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE